**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**May 28, 2024**

_____

**Christopher M. Wolpert**
**Clerk of Court**

BRANDON WUEBKER,

    Plaintiff - Appellant,

v.

TOWN OF EVANSVILLE, WY;
SERGEANT LUKE NELSON, in his
individual capacity, a/k/a Evansville Police
Department Sergeant; BRYCE
NORCROSS, in his individual capacity,
a/k/a Evansville Police Department Patrol
Officer,

    Defendants - Appellees.

No. 23-8058
(D.C. No. 2:22-CV-00092-ABJ)
(D. Wyo.)

_____

### ORDER AND JUDGMENT[*]

_____

Before **TYMKOVICH**, **EBEL**, and **MORITZ**, Circuit Judges.

_____

Plaintiff Brandon Wuebker brought this 42 U.S.C. § 1983 action against

Officers Luke Nelson and Bryce Norcross, as well as derivative *Monell* claims

against Evansville, Wyoming.  He alleges First Amendment retaliation and

unconstitutionally excessive force during an arrest.  The district court granted

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

defendants' motion for summary judgment based on qualified immunity.  For substantially the same reasons set forth by the district court, we affirm.

We incorporate the findings set forth in the district court's August 18, 2023, order.  In short, plaintiff was arrested after failing to comply with officer commands during a traffic stop.  He was injured as the officers made their arrest.

"We review the district court's denial of a summary-judgment motion asserting qualified immunity de novo."  *Wise v. Caffey*, 72 F.4th 1199, 1205 (10th Cir. 2023) (citing *Arnold v. City of Olathe*, 35 F.4th 778, 788 (10th Cir. 2022)).  Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  We "view the facts in the light most favorable to the non-moving party and resolve all factual disputes and reasonable inferences in its favor."  *Estate of Booker v. Gomez*, 745 F.3d 405, 411 (10th Cir. 2014).

For plaintiff's excessive force claim, the burden is on him to show "(1) the [defendants'] alleged conduct violated a constitutional right, and (2) it was clearly established at the time of the violation, such that every reasonable official would have understood, that such conduct constituted a violation of that right."  *Reavis estate of Coale v. Frost*, 967 F.3d 978, 984 (10th Cir. 2020) (internal quotation marks omitted).  The district court determined, under both the *Graham* factors and the totality of the circumstances, that defendants' use of force was objectively reasonable.  And it concluded plaintiff failed to demonstrate clearly established law prohibited the use of force in the circumstances here.

"To allege a First Amendment retaliation claim, Plaintiff must plead facts showing that: (1) he engaged in activity the First Amendment protects; (2) [defendants'] actions injured him in a way that would 'chill a person of ordinary firmness from continuing to engage in that activity'; and (3) his protected activity substantially motivated [defendants'] responsive actions." *Frey v. Town of Jackson, Wyoming*, 41 F.4th 1223, 1232 (10th Cir. 2022) (quoting *Nielander v. Bd. of Cnty. Comm'rs*, 582 F.3d 1155, 1165 (10th Cir. 2009)). "Plaintiff must show that clearly established First Amendment law prohibits the force applied against him under the circumstances." *Id.* at 1235. The district court granted summary judgment on this claim, concluding defendants' use of force was not motivated by retaliatory animus but appropriate to the level of resistance encountered during the arrest.

In sum, we affirm for substantially the same reasons articulated by the district court. Plaintiff's excessive force claim fails because there was no constitutional violation and the law was not clearly established. We also agree plaintiff's First Amendment retaliation claim fails, but only on the basis that plaintiff failed to prove defendants' use of force was substantially motivated as a response to his First Amendment rights. Because we conclude there was no underlying constitutional

violation, plaintiff's *Monell* claim is foreclosed.  Appellant's "Motion to Partially Seal Appellant's Appendix Volume Three" is granted.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge